UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNA WORMUTH, SCOTT WORMUTH AND H.W., A MINOR, BY AND THROUGH HIS GUARDIANS AD LITEM ADRIANNA WORMUTH AND SCOTT WORMUTH,<br><br>Plaintiffs,<br><br>v.<br><br>LAMMERSVILLE UNION SCHOOL DISTRICT, JAMES YEAGER, DAWN IBBS, TERESA HAUN, KIRK NICHOLAS, and KHUSHWINDER GILL, and DOES 1-30,<br><br>Defendants. | No. 2:15-CV-01572-KJM-EFB<br><br>ORDER |

Defendant asks the court to reconsider the magistrate judge's order requiring the defendant District to produce documents it says were privileged. Notice of Req., ECF No. 68; Mem. P. & A. In Support of Req. for Reconsideration ("Req."), ECF No. 70. On the same day, plaintiffs opposed the request. Opp'n, ECF No. 69. For the reasons discussed below, the court DENIES the request to reconsider the magistrate judge's order.

I. BACKGROUND

In August 2016, plaintiffs served defendant Lammersville Union School District ("LUSD" or "District") with Requests for Production, Set One. Hansen Decl. ¶ 2, ECF No. 36-1.

1

As relevant here, Request for Production No. 21 sought "[a]ny investigation records related to any allegation of misconduct by any named defendant." Joint Statement at 4, ECF No. 36.

In the following months, the parties agreed to a series of extensions for LUSD to respond to the requests, with December 1, 2016 as the ultimate due date. Hansen Decl. ¶ 2. On that date, LUSD timely responded. *Id.* LUSD objected to Request for Production No. 21 in part because plaintiffs' request sought privileged documents. *See* Req. at 4.

In mid-January 2017, the parties met and conferred regarding LUSD's responses. Hansen Decl. ¶ 2; *id.* Ex. 1, ECF No. 36-2. In three meet-and-confer letters, plaintiffs repeatedly asked LUSD for a detailed privilege log so they could assess LUSD's privilege claims. Hansen Decl. Exs. 1–3, ECF Nos. 36-2–4. In their final letter, plaintiffs set a February 2, 2017 deadline for LUSD to produce a log, after which they would seek the court's involvement. *Id.* Ex. 3 at 2.

On February 10, 2017, the parties submitted a joint statement regarding discovery disputes. *See* Joint Statement. Plaintiffs asked the court to order LUSD to produce a privilege log. *Id.* at 6–7. LUSD explained it could not prepare a log given the breadth of plaintiffs' request, but nonetheless offered to produce one. *Id.* at 11–12.

The magistrate judge construed the joint statement as a motion to compel and held an April 5, 2017 motion hearing. ECF No. 41. At hearing, the magistrate judge found LUSD waived any privilege by its failure to timely produce a privilege log. April 5, 2017 Transcript at 32:2–3, ECF No. 50. The magistrate judge granted plaintiffs' motion as to their Request for Production No. 21. *Id.* at 17:21–22; Discovery Order at 2, ECF No. 42 (signed and filed on April 11, 2017).

LUSD asked the magistrate judge to reconsider his waiver ruling. Am. Suppl. Joint Statement at 6–7, ECF No. 47. At hearing on the motion to reconsider, the magistrate first explained LUSD's request violated Local Rule 230(j) because it was not formally noticed for hearing and did not explain what new or different facts existed to support its request. May 3, 2017 Transcript at 16–17, ECF No. 64. The magistrate judge nonetheless denied LUSD's reconsideration request on the merits. *Id.* at 17–18 (citing *Burlington Northern & Sante Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142 (9th Cir. 2005)). The magistrate

judge denied the request for reconsideration. *Id.* at 19:17–18; Reconsideration Order at 2, ECF No. 61 (signed and filed on May 4, 2017).

On May 18, 2017, LUSD filed its request here for reconsideration of the magistrate judge's most recent order denying reconsideration.

II.   STANDARD

Federal Rule of Civil Procedure 72(a) directs district judges to consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* Local Rule 303(f); 28 U.S.C. § 636(b)(1)(A). The "contrary to law" standard permits independent review of a magistrate judge's legal determinations. *See, e.g.*, *Brooks v. Motsenbocker Advanced Developments, Inc.*, 2008 WL 3049983, at *1 (S.D. Cal. Aug. 1, 2008) (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential[.]" *Id.* at 623. "To succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, No. CV F 10–0581 AWI DLB, 2011 WL 1087149, at *1, at *3 (E.D. Cal. Mar. 23, 2011). Furthermore, when filing a motion for reconsideration, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j)(3). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v.*

3

*Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

III. DISCUSSION

    A. Timeliness and Standard of Review

As an initial matter, LUSD's request made to this court is timely. LUSD filed its request on May 18, within fourteen days of the magistrate judge's May 4 order. *See* Local Rule 303(b). The court here reviews only the May 4 order, because LUSD's request is untimely as to the magistrate judge's underlying April 11 discovery order.

    B. Bases for Reconsideration

LUSD asserts five bases for reconsideration, Req. at 8–13, none of which are persuasive. LUSD waived its first basis, that plaintiffs improperly noticed their original motion to compel, by not raising it before the magistrate judge. *Marlyn Nutraceuticals*, 571 F.3d at 880; Am. Suppl. Joint Statement at 6–7 (asserting only four bases for reconsideration).

Because LUSD's remaining arguments all relate to the timeliness and sufficiency of its assertion of privilege, the court briefly turns to the Ninth Circuit's interpretation of the federal rules relevant to those questions. In *Burlington Northern*, the Ninth Circuit considered whether the defendant waived its privilege objections by omitting a privilege log from its discovery responses. 408 F.3d 1142. The court reviewed Federal Rule of Civil Procedure 26(b)(5), which requires a responding party to expressly make a claim of privilege and describe the documents covered by the privilege, in conjunction with Federal Rule of Civil Procedure 34, which requires that written responses to discovery requests be served within thirty days of service of the request. *Id.* at 1147–49. The court rejected a bright line test for waiver of the privilege, opting instead for a "holistic reasonableness test." *Id.* at 1149. The court held "boilerplate objections or blanket refusals" are insufficient to assert a privilege, but also characterized the thirty-day period as a default guideline, not a per se time bar, to consider case by case, taking into account the following factors:

> [1] the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where

4

| | providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); |
|---|---|
| | [2] the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); |
| | [3] the magnitude of the document production; and |
| | [4] other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard. |

*Id.*

Here, LUSD supports its claim of privilege through four preserved bases: (1) LUSD's assertion of privilege was timely based on the parties' agreed schedule; (2) LUSD's response and objections together enabled plaintiffs to assess its claims of privilege; (3) plaintiffs never challenged LUSD's claim of privilege nor asserted LUSD had waived any privilege; (4) the magistrate judge did not properly analyze the *Burlington* factors as applied to LUSD's response to plaintiffs' Request for Production No. 21. *See* Req. at 8. The court considers them in turn.

### 1. Timeliness of LUSD's Assertion of Privilege

LUSD argues it timely asserted its privilege claims. Req. at 8. The parties agree LUSD filed a timely response to plaintiffs' request based on the parties' stipulated extensions through December 1, 2016. *See* Hansen Decl. ¶ 2; Wu Decl. ¶ 3, ECF No. 70-1. But whether LUSD's response was a sufficient assertion of privilege poses a different question. *See Burlington Northern*, 408 F.3d at 1149. "[B]oilerplate objections or blanket refusals" are not sufficient to assert a privilege. *Id. T*he court turns next to LUSD's argument regarding the sufficiency of its response.

### 2. Sufficiency of LUSD's Assertion of Privilege

LUSD argues its response and objections to plaintiffs' requests for production sufficiently enabled plaintiffs to evaluate its claims of privilege. Req. at 8.

In deciding whether to reconsider his prior ruling, the magistrate judge concluded LUSD's response to Request for Production No. 21 "contained boilerplate objections" and a

5

1  "blanket assertion of privilege" and lacked "anything that would allow one to test whether or not
2  the documents truly are privileged." May 3, 2017 Transcript at 17:5–18:3.

3  That ruling was not clearly erroneous. Plaintiffs' Request for Production No. 21
4  sought "[a]ny investigation records related to any allegation of misconduct by any named
5  defendant." Joint Statement at 4. LUSD objected to the request to the extent it sought

> records in connection with any internal investigation into alleged misconduct, if any, as such records (such as emails, letters, and other communications, between and among the District employees and its attorneys relating to any internal investigation, along with materials prepared by or at the behest of Defendant's legal counsel) are confidential and protected by the attorney-client privilege and/or the work product doctrine.

10 Req. at 4. This blanket objection does not detail any of the documents LUSD claims are
11 privileged; it does not indicate the number of privileged documents, their dates of creation, their
12 subject matter, the identity of the author or recipient of each communication, or the manner in
13 which LUSD maintained the documents' confidentiality. In other words, it did not describe the
14 documents in a manner so as to "enable other parties to assess the claim" of privilege. Fed. R.
15 Civ. P. 26(b)(5)(ii). While *Burlington Northern* did not go as far as to conclude a privilege log
16 was necessary to assert a privilege, it rejected blanket assertions of privilege such as LUSD's
17 here. 408 F.3d at 1148–49. *Burlington Northern* directs courts to consider "the degree to which
18 the objection or assertion of privilege enables the litigant seeking discovery and the court to
19 evaluate whether each of the withheld documents is privileged (where providing particulars
20 typically contained in a privilege log is presumptively sufficient and boilerplate objections are
21 presumptively insufficient)." *Id.* at 1149. Given LUSD's response, which was insufficient under
22 *Burlington*'s functional test, the magistrate judge did not clearly err when he declined to
23 reconsider his determination that LUSD had enabled neither the plaintiffs nor the court to
24 evaluate its claims of privilege. *See Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am.*
25 *Physicians Assurance Corp., Inc.*, 317 F.R.D. 620, 633 (N.D. Ill. 2016) (applying *Burlington*
26 *Northern*, finding waiver where assertion of privilege provided a "blanket assertion with a few
27 terse document descriptions" that "[did] not allow the kind of meaningful evaluation of the claim
28 as to each of the withheld documents that the cases demand").

The magistrate judge's determination does not end the waiver inquiry, however. His consideration of the remaining *Burlington Northern* factors also was adequate under the applicable review standards. The magistrate judge found LUSD's objection untimely and plaintiffs' production request insufficiently burdensome to justify the delay. May 3, 2017 Transcript at 18:4–21. These two factors — timeliness of objection and magnitude of production — are related, and courts tend to permit more delay for a larger production request. *Compare Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 695–96 (M.D. Fla. 2005) (applying *Burlington Northern*, finding privilege waived due to three and a half month delay in providing a privilege log where case involved "review and production of 13,000 pages of documents") *with Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.*, 244 F.R.D. 412, 425–26 (N.D. Ill. 2006) ("Given that more than four million pages of documents are at issue in this case, the court declines to find waiver based on the [three-month] delay in submitting a privilege log.").

Here, LUSD did not produce a detailed log even after obtaining a sixty-day extension to December 1, 2016. It had not produced a log by the time the court heard argument on plaintiffs' motion to compel on April 5, 2017, or even by the time LUSD filed its request for reconsideration on April 14, 2017. *See* Suppl. Joint Statement at 5; May 3, 2017 Transcript at 18:9–11. Applying even the most forgiving calculation, which runs from the response's extended due date of December 1, 2016 through plaintiffs' motion to compel filed on February 10, 2017, LUSD waited more than two months to produce a privilege log, if in fact it did.[1] LUSD explains it had to review 100,000 pages of documents to address all of plaintiffs' requests for production. Wu Decl. ¶ 2. Even if every page raised a privilege issue, the magistrate judge's determination -- that this delay constituted a waiver, given the scope of the production request and the insufficiency of LUSD's original response -- was not clearly erroneous. The absence of any privilege log by the hearing on the motion to compel is enough to support the magistrate judge's

---

[1] The record does not make clear whether or when defendant disclosed a privilege log. Defendant's first motion for reconsideration reports its agreement to produce a log by April 17, 2017. *See* Am. Suppl. Joint Statement at 5. But defendant apparently had not produced the log by the hearing on its motion. *See* May 3, 2017 Transcript at 18:4–11, 21:12–17; Req. at 7:1–2.

7

determination.  *Cf. Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 282 (N.D. Cal. 2015) (explaining courts often decline to find waiver so long as party provides an untimely yet detailed privilege log).  The magistrate judge committed no clear error by refusing to reconsider his decision.

In sum, the magistrate judge did not err or run afoul of applicable law when he declined to reconsider, after a detailed analysis of the appropriate *Burlington Northern* factors, his prior determination that LUSD waived its asserted privilege.

### 3. Plaintiffs' Challenge to LUSD's Assertion of Privilege

*Burlington Northern* defeats LUSD's argument that the magistrate judge erred by finding waiver where plaintiffs never asserted it.  Req. at 8.  In *Burlington Northern*, the Ninth Circuit affirmed the district court's finding of waiver despite plaintiffs' omission of the argument in their original motion to compel because Burlington did not seriously dispute the parties' clear expectation that it would produce a privilege log.  408 F.3d at 1145.  Here, in response to LUSD's blanket privilege assertion, plaintiffs' meet-and-confer letters asked for a privilege log three times, and specifically cited Rule 26(b)(5)'s requirements.  Hansen Decl. Exs. 1–3.  Plaintiffs reiterated that request in their motion to compel, Joint Statement at 6–7, and LUSD likewise offered to provide the requested log, *id.* at 11–12.  As in *Burlington Northern*, "both parties intended and expected from the outset that a privilege log would in fact be produced."  408 F.3d at 1145.  LUSD's argument, like Burlington's, is unavailing.

### 4. LUSD's Response and Objections

LUSD finally argues the magistrate judge could not have properly applied *Burlington Northern* because he did not have plaintiffs' requests for production language or LUSD's responses and objections before him.  Req. at 8.  The parties' original joint statement, however, quoted plaintiffs' production requests.  Joint Statement at 8–9.  In ruling on LUSD's reconsideration request, the magistrate judge reviewed LUSD's objections.  May 3, 2017 Transcript at 17:11–18:3.  LUSD's other responses to plaintiffs' requests, which it cites in its reconsideration request here, do not undermine the reasonableness of the magistrate judge's ruling denying reconsideration.  *See* Req. at 2–3 (citing LUSD's other responses, which contain

identical privilege objections to the one considered here). This argument also does not warrant reconsideration of the magistrate judge's ruling.

IV. CONCLUSION

The court DENIES LUSD's request to reconsider the magistrate judge's May 4, 2017 order.

The court also DENIES LUSD's alternative request to clarify the scope of plaintiffs' production request and LUSD's privilege waiver, both of which the magistrate judge is better suited to decide to the extent still required.

This order resolves ECF No. 67.

IT IS SO ORDERED.

DATED: June 8, 2017.

_____
UNITED STATES DISTRICT JUDGE