UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNA WORMUTH, SCOTT WORMUTH and H.W., a minor, by and through his guardians ad litem ADRIANNA WORMUTH AND SCOTT WORMUTH,<br><br>Plaintiffs,<br><br>v.<br><br>LAMMERSVILLE UNION SCHOOL DISTRICT, JAMES YEAGER, DAWN IBBS, TERESA HAUN, KIRK NICHOLAS, and KHUSHWINDER GILL, and DOES 1-30,<br><br>Defendants. | No. 2:15-cv-1572-KJM-EFB<br><br>ORDER |

This case was before the court on August 9, 2017, for hearing on defendants Lammersville Joint Unified School District, James Yeager, Dawn Ibbs, Kirk Nicholas, and Khushwinder Gill's motion to compel plaintiff H.W. to submit to an independent mental examination (ECF No. 95-1) and H.W.'s motion to strike defendants' statement regarding the parties' discovery disagreement (ECF No. 109).[1] Attorney Rhonda Kraeber appeared on behalf of plaintiff H.W. and attorney Stephanie Wu appeared on behalf of defendants.

---

[1] This matter was referred to the undersigned under Local Rule 302(c)(1). *See* 28 U.S.C. § 636(b)(1).

1

For the reasons stated on the record and as discussed further below, both motions are denied.

I. Background

This action proceeds on the first amended complaint. ECF No. 14. The crux of that complaint is that while attending Altamont Elementary School, plaintiff H.W. ("plaintiff")[2] was bullied and physically and sexually abused by a classmate, A.S., from the beginning of the 2014-2015 school year through October 8, 2014, the date A.S. was removed from the school. ECF No. 14. Plaintiff contends that defendants were aware of the abuse committed by A.S., but took insufficient measures to protect H.W. Of particular relevance to the instant motion, the amended complaint alleges that as a result of A.S.'s recurring attacks, plaintiff was diagnosed with post-traumatic stress disorder ("PTSD") and required psychological counseling. *Id.* ¶ 30. Thus, plaintiff's mental/psychological status has been in issue since the filing of the complaint. But the instant motion to compel a medical examination was filed after the close of discovery and after the due date for designation of expert witnesses and the service of their expert reports.

II. Discussion

Defendants seek to compel plaintiff to submit to a mental examination by their expert, Jacqueline Singer, Ph.D. ECF No. 95-1. Plaintiff does not dispute that he has placed his mental condition in controversy and therefore a timely mental examination would be appropriate pursuant to Federal Rule of Civil Procedure ("Rule") 35. But plaintiff opposes the motion on the grounds that the time for seeking such an examination has passed and defendants' motion to compel is untimely. ECF No. 107 at 4-9.

The court issued its Rule 16 Status (Pretrial Scheduling) Order on February 5, 2016. ECF No. 22. That order fully scheduled this case, including setting deadlines for the completion of discovery and designation of expert witnesses and the service of expert reports. The court

/////

---

[2] The amended complaint also asserted claims on behalf of H.W.'s parents, Scott Wormuth and Adrianna Wormuth. Their claims were recently dismissed, leaving H.W. as the only remaining plaintiff. *See* ECF No. 105.

2

subsequently approved the parties' stipulation to modify the scheduling order. ECF No. 35. As modified, the scheduling order provides that discovery was to be completed by June 23, 2017.

Defendants filed the instant motion on July 21, after discovery had closed and on the same day they were required to serve their expert disclosures.[3] Rather than address whether a showing of good cause can be made to warrant modification of the scheduling order to extend these deadlines, defendants argue that the scheduling order does not apply to Rule 35 examinations and thus there is no need to establish good cause. Thus, notwithstanding the passage of these deadlines, defendants content that their motion is timely. Under defendants' reading of Rule 35, rather than establishing a deadline by which a demand for examination must be made, the rule "permits the Court to grant a request for an IME whenever a case is 'pending.'" ECF No. 108 at 6 (citing *Silva v. Mercado Food Enter., Inc.*, 2012 WL 174926, at *5).

Defendants misread Rule 35. It provides that "[t]he court *where* the action is *pending* may order a party . . . to submit to a physical or mental examination . . . ." Fed. R. Civ. P. 35(a) (emphasis added). The word "pending" identifies which district court may order an examination to proceed, not the timing of the examination or the request for the examination.

Defendants also argue that their motion is not untimely under the scheduling order because the order "does not set forth any timeline for completing an IME, nor does it set forth any deadlines or timelines for the filing of motions seeking an IME . . . or the disclosure, if any, of IME reports under Rule 35."[4] ECF No. 108 at 6-7. This argument is based on an untenable

---

[3] Defendants filed expert witness disclosures on July 21, 2016, which identified Jacqueline Singer as their retained expert. ECF No. 98. However, defendants did not serve a written report prepared and signed by the witness as required by Rule 26(a)(2)(B). Defendants' expert witness disclosures indicate that Ms. Singer's "report will be issued following her Rule 35 mental examination of Plaintiff." *Id*.

[4] The fact that the order does not list each type of available discovery device in setting the deadline is beside the point. Instead the order categorically states, "*All* discovery shall be completed by" July 21, 2017. ECF No. 22 at 2. That necessarily includes depositions, interrogatories, requests for production of documents, and requests for admissions, as well as Rule 35 examinations or any other device for obtaining discovery. As one court appropriately observed, "the Rule 35 examination is a discovery tool not unlike depositions under Rule 30 and 31, Rule 33 interrogatories, or Rule 34 requests for production. [citations]. Similar to Rule 35, Rules 30, 31, 33, and 34 do not provide a specific deadline by which to submit these discovery

reading of the court's order. The scheduling order specifically required that: "All discovery shall be completed by March 24, 2017 (subsequently extended to June 23). In this context, 'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." ECF No. 22 at 2 (modified by ECF No. 35). The order also set deadlines for the disclosure of expert witnesses and the service of expert witness reports. Any expert witness the defense intends to present at trial had to be disclosed by July 11, 2017. Further, the scheduling order explicitly required that expert designations "be accompanied by a written report prepared and signed by the witness" in incompliance with Rule 26(a)(2)(B). ECF No. 22 at 2. It further warned that "[f]ailure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial." *Id*. at 3. The order further instructed the parties that "All experts designated are to be *fully prepared at the time of designation* to render an informed opinion, and give the bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party." *Id.* (emphasis added). In short, defendants' expert should have been fully prepared for deposition at the time of the designation and the written report should have informed plaintiffs' counsel of the opinions to be offered by the expert.[5] That was not done here.

requests because it is understood that all discovery tools are generally subject to the overall discovery deadline." *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 418 (S.D. Tex. 2012). Because the IME constitutes discovery, the scheduling order required it be completed by June 23, 2017.

[5] There is some division among courts as to whether Rule 35 examinations are governed by deadlines imposed for Rule 26(a)(2) disclosures. *See e.g., Waggoner v. Ohio Cent. R.R., Inc.,* 242 F.R.D. 413, 414(S.D. Ohio 2007) (Rule 35 examination not required to be completed prior to the expert witness disclosure deadline); *Minnard v, Rotech Healthcare Inc.*, 2008 WL 150502 (E.D. Cal. Jan. 15 2008) (rejecting *Waggoner*, noting that "[t]he Rule 35 exam and the retained expert's opinions are inextricably intertwined" and "[u]nless a scheduling order otherwise permits, a general policy routinely allowing a party's medical expert to be unprepared at time of designation does not comport with the needs of litigation or common sense."). The relationship between the Rule 35 exam and the Rule 26(a)(2)'s report, as observed by *Minnard*, is exemplified by the instant case. As noted above, defendants seek the Rule 35 exam to acquire information needed by their expert to prepare her Rule 26(a)(2) report. By defendants' own admission, the

4

It is clear from defendants' motion that they seek the IME to allow their expert witness to complete her now overdue Rule 26(a)(2)(B) report. *See* ECF No. 98 (defendants' expert witness disclosures indicating that Jacqueline Singer's "report will be issued following her Rule 35 mental examination of Plaintiff."). That report, however, was required to be produced at the time Ms. Singer was designated as an expert, a designation that had to be completed no later than July 11, 2017. Consequently, defendants' motion to proceed with an IME that could be used at trial in the testimony of designated expert necessitates modification of the scheduling order and defendants offer nothing in the way of good cause to warrant such modification.

At the hearing defendants also suggested that granting the EMI at this late juncture could be justified as preparation to provide their rebuttal expert disclosure. But this is not rebuttal information. It is information that should have already been developed and presented in the expert report at the time of the expert's disclosure. Furthermore, by defendants' own admission, they cannot complete an IME by the time they must file their rebuttal expert disclosures; i.e. by August 11, 2017. Defendants represent that their expert is not available to perform the IME until August 14, 2017. *See* ECF No. 95-1 at 9. Accordingly, even under this new theory for justifying the belated motion, defendants still must demonstrate good cause for modification of the scheduling order, a prerequisite which defendants utterly ignore.

Although the defendants disavow the need to show good cause, the court has examined the record and cannot find any basis to support such a finding here. Rule 16 requires courts to enter scheduling orders that establish deadlines for joinder of parties, amending pleadings, completing discovery, and filing motions. Fed. R. Civ. P. 16(b)(3)(A). Once a scheduling order issues, it "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Disregard of scheduling orders undermines "the court's ability to control its docket, disrupt[s] the agreed-upon course of litigation, and reward[s] the indolent and the

---

Rule 35 exam is directly related to defendants' expert disclosures, which they were required to complete on July 21.

cavalier." *Id.* Accordingly, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

District courts are to consider the following factors in deciding whether to amend a scheduling order to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the nonmoving Party would be prejudiced, 4) whether the moving party was diligent in obtaining Discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM North America*, No. 15-56062, 2017 WL 3378770, at *4 (9th Cir. Aug. 7, 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 62 F.3d 1512, 1526 (9th Cir. 1997)).

However, the Rule 16 good cause inquiry "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (quotations omitted). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609).

The record before the court evidences an unacceptable lack of diligence by defendants. The first amended complaint, which was filed prior to issuance of the scheduling order, specifically alleges that as a result of the alleged abuse, plaintiff was diagnosed with PTSD and required psychological counseling. ECF No. 14 ¶ 30. The scheduling order issued on February 5, 2016, and discovery did not close until June 23, 2017. Despite having ample notice that plaintiff's mental condition was central to this case and more than 16 months to complete the IME, defendants failed to do so. Moreover, defendants' arguments undermine any finding of due diligence. According to defendants the parties met and conferred on June 2, 2017, regarding the very issue of completing an IME. ECF No. 108 at 3. Obviously, defendants were well aware on

6

that date that there was a need for the examination. And defendants point out that during that meet and confer plaintiffs' counsel would not agree to an IME. Despite this knowledge, defendants did not promptly move to compel the examination. Instead, defendants' counsel waited until July 13, 2017 (42 days later), to contact plaintiffs' counsel for another meet and confer regarding the IME. *Id*. According to defendants, "Plaintiffs' counsel refused Defendants' request, outright, and, again, provided no explanation for such refusal." *Id*. at 3. Again defendants delayed. Instead of immediately moving to compel an IME, defendants waited more than a week to file the instant motion. ECF No. 95.

While defendants should have known that plaintiff's mental condition is at issue in the case in December 2015, the record shows that, at the very latest, defendants were aware of the need for the IME on June 2, 2017, but failed to take appropriate action to complete the examination prior to the deadlines for completing discovery and disclosing experts. Defendants have not been diligent in pursuing the discovery they now seek, and they offer no basis for modifying the scheduling order.

III. Conclusion

Accordingly, it is hereby ORDERED that defendants' motion to compel plaintiff H.W. to submit to an independent medical examination (ECF No. 95-1) is denied.

DATED: August 17, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE