UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNA WORMUTH, SCOTT WORMUTH and H.W., a minor, by and through his guardians ad litem ADRIANNA WORMUTH and SCOTT WORMUTH,<br><br>Plaintiffs,<br><br>v.<br><br>LAMMERSVILLE UNION SCHOOL DISTRICT, JAMES YEAGER, DAWN IBBS, TERESA HAUN, KIRK NICHOLAS, and KHUSHWINDER GILL, and DOES 1-30,<br><br>Defendants. | Case No. 2:15-CV-01572-KJM-EFB<br><br><u>ORDER GRANTING THIRD-PARTY DEFENDANT SINGHS' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT</u><br><br>Judge: Hon. Kimberly J. Mueller |
| LAMMERSVILLE UNION SCHOOL DISTRICT, JAMES YEAGER, DAWN IBBS, KIRK NICHOLAS, and KHUSHWINDER GILL,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>NARESH SINGH, and MRINAL SINGH, *et al.*,<br><br>Third-Party Defendants. | |

The motion of Third-Party Defendants NARESH SINGH and MRINAL SINGH ("Third-Party Defendants" or "Singhs") for an order determining that the settlement between the Singhs and Plaintiffs

1  Adrianna Wormuth, Scott Wormuth, and H.W., a minor, by and through his guardians ad litem, Adrianna
2  Wormuth and Scott Wormuth ("Plaintiffs") was entered into in good faith ("Motion") came on regularly
3  for hearing on September 22, 2017, before the Honorable Kimberly Mueller. The matter having been
4  briefed, argued, and submitted for decision, and good cause appearing therefor, is hereby GRANTED.

5  The Singhs reached a settlement with Plaintiffs, whereby the Singhs agreed to pay Plaintiffs
6  $40,600 in exchange for a general release and mutual waiver of costs. As such, the Singhs moved for a
7  determination of good faith settlement. Defendants Lammersville Joint Unified School District, James
8  Yeager, Dawn Ibbs, Kirk Nicholas, and Khushwinder Gill ("Defendants") opposed the Motion.

9  At the hearing on the Motion, Defendants argued that the settlement figure was unreasonably
10 low, particularly given the statutory damages available, per incident, on the basis of the Singhs'
11 imputed liability for their son's conduct and the Singhs' unlimited liability for their own direct
12 negligence. Defendants also expressed concern regarding issues relating to a potential offset and the
13 risk that Defendants would ultimately be held responsible for an excessive and unequitable amount of
14 damages, if Plaintiffs were to prevail at trial. When the Court indicated that the risk primarily resided
15 with Plaintiffs, in that they would be precluded from recovering the full amount of damages awarded, if
16 any, should the Singhs' proportionate share of liability exceed the amount paid in settlement, Plaintiffs
17 and the Singhs did not contest this. During the hearing, upon the inquiry of Defendants regarding the
18 issue of offset and potential prejudice regarding the presentation of evidence at trial, Plaintiffs
19 stipulated, on the record, that the Singhs would be included on the verdict form at trial, to allow the
20 jury to apportion damages, and that Defendants would not be precluded from presenting evidence
21 relevant to establishing the Singhs' proportionate responsibility in connection with Plaintiff's claims,
22 though Defendants would be barred from mentioning the instant settlement.

23 Based on the parties' argument and representations at the hearing and in their briefings, this
24 Court finds that the $40,600 to be paid by Singhs to the Plaintiffs is reasonable and that the settlement
25 was entered into in good faith. As such, it is HEREBY ORDERED that the settlement between
26 Plaintiffs and the Singhs is hereby approved and found to be in good faith pursuant to Code of Civil
27 Procedure § 877.6.
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
1125 I St., Suite 1
Modesto, CA 95354

2
ORDER GRANTING MOTION FOR DETERMINATION OF GOOD FAITH
SETTLEMENT

***IT IS SO ORDERED.***

Dated: October 11, 2017.

_____
UNITED STATES DISTRICT JUDGE