UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNA WORMUTH, SCOTT WORMUTH and H.W., a minor, by and through his guardians ad litem ADRIANNA WORMUTH and SCOTT WORMUTH,<br><br>Plaintiff,<br><br>v.<br><br>LAMMERSVILLE UNION SCHOOL DISTRICT, JAMES YEAGER, DAWN IBBS, TERESA HAUN, KIRK NICHOLAS, and KHUSHWINDER GILL, and DOES 1-30,<br><br>Defendants. | No. 2:15-cv-01572-KJM-EFB<br><br>ORDER |

Defendants' motion for correction or clarification under Federal Rule of Civil Procedure 60(a) is before the court. Plaintiff opposes. The court reviewed the matter with the parties at hearing on January 12, 2018. For the following reasons, and noting that plaintiff at hearing did not object to the court's proposed resolution, defendants' motion is GRANTED to the extent set forth below.

I.  BACKGROUND

On December 12, 2017, the court issued an order denying in part and granting in part defendants' motion for summary judgment. MSJ Order, ECF No. 170.[1] On December 29,

---
[1] As reflected in the docket, a duplicate order was filed on December 13, 2017. ECF No. 171.

1

2017, defendants filed an ex parte application to shorten time for notice of hearing on its motion for correction or clarification of the court's order under Federal Rule of Civil Procedure 60(a). *See* Ex Parte App., ECF No. 173; Mot., ECF No. 173-1. Plaintiff opposed defendants' ex parte application. ECF No. 174. On January 3, 2018, the court issued a minute order providing an expedited briefing schedule on defendants' Rule 60(a) motion and notifying the parties that the court would address the motion at the final pretrial conference set for January 12, 2018. Min. Order, ECF No. 175.

Plaintiff subsequently filed an opposition to defendants' Rule 60(a) motion. Opp'n, ECF No. 178. Although afforded an opportunity to file a reply, *see* Min. Order, defendants did not do so. The court resolves the motion here as it indicated it would at hearing on January 12. *See* ECF No. 179 (Jan. 12, 2018 Hearing Mins.).

II.   <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) "may be used to make an order reflect the actual intentions of the court, plus necessary implications. *Jones & Guerrero Co., Inc. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981) (citing *Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1236–37 (9th Cir. 1979)). The "touchstone" of Rule 60(a) "is fidelity to the intent behind the original judgment." *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012). The Ninth Circuit has thus "consistently interpreted Rule 60(a) to allow a district court to correct omissions so long as those corrections are limited to clarification of matters intended to be implied or subsumed by the original judgment, rather than a change of course or a modification to the intended legal effect of a judgment." *Id.* at 1077. The district court has discretion to grant a Rule 60(a) motion. *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (citing *Garamendi*, 683 F.3d at 1077).

/////

---

The court refers to ECF No. 170 in this order.

2

## III. DISCUSSION

In its order, the court addressed two theories of liability plaintiff raised under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"), and Section 504 of the federal Rehabilitation Act, 29 U.S.C. § 794. MSJ Order at 17–22; *see id.* at 17 (noting ADA and Rehabilitation Act claims are properly examined together). Under the first theory, alleging disability based discrimination, the court found "the record contains no triable issues as to whether plaintiff's disability motivated the bullying at all, or whether the District knew the bully was motivated by his disability." MSJ Order at 20. In light of the missing nexus between plaintiff's disability and the alleged discrimination, the court granted defendants' motion for summary judgment with respect to plaintiff's disability based discrimination claim. *Id.* Under the second theory, alleging defendants did not provide plaintiff reasonable accommodations, the court found sufficient evidence to support plaintiff's claim and therefore denied defendants' motion for summary judgment. *Id.* at 22.

Concluding its analysis of plaintiff's ADA and Rehabilitation Act discrimination claims, the court explained:

> The court GRANTS summary judgment as to the first disability theory, but DENIES summary judgment as to the second theory. Accordingly, plaintiff's ADA and Rehabilitation Act disability discrimination claims will proceed to trial, limited to the District's failure to provide reasonable accommodations.

*Id.*

The court proceeded to analyze plaintiff's claim under the California Unruh Act, California Civil Code § 51(f). *Id.* at 24. The court noted plaintiff's Unruh Act claim was derivative of his ADA claim. *Id.* The court then concluded that because it "denied summary judgment on plaintiff's ADA claim based on the missing nexus between plaintiff's disability and the harassment he endured[, t]he court therefore denies summary judgment on the Unruh Act claim as it requires the same nexus." *Id.* (citation omitted).

Defendants move for clarification of the court's order, arguing the court's reasoning with respect to plaintiff's Unruh Act claim is ambiguous, "particularly, in its reference to the nexus requirement discussed in connection with its ruling granting Defendants' Motion as

3

to Plaintiff's ADA disability discrimination claim." Mot. at 5. Defendants contend, "[s]ince the Court granted Defendants' Motion as to the ADA disability based discrimination claim, it seems that Court [*sic*] may have intended to state that the motion, as it relates to Plaintiff's Unruh Act claim, was 'granted,' rather than 'denied.'" *Id.* at 6.

Plaintiff opposes, arguing "[r]egardless of whether there was ambiguity . . . , the Court's ultimate order was both correct as a matter of law and is internally consistent because the denial of summary judgment with respect to the Plaintiff's ADA/504 cause of action necessarily mandates a denial of the Plaintiff's Unruh Act cause of action as well." Opp'n at 2. At hearing, however, as noted, plaintiff did not object to the court's proposed clarification of its order.

Having reviewed its order, the court confirms its decision to deny summary judgment on plaintiff's Unruh Act claim, but concludes its explanation for this conclusion contained "a mistake arising from oversight or omission . . . ." *See* Fed. R. Civ. P. 60(a). Because defendants are not entitled to summary judgment on plaintiff's ADA and Rehabilitation Act claims under the reasonable accommodation theory, defendants are also not entitled to summary judgment on the Unruh Act claim under that theory. At hearing, both parties agreed with this clarification of the court's reasoning. Thus, under Rule 60(a), the court will amend its order to clarify that the basis for denial of summary judgment on plaintiff's Unruh Act claim is plaintiff's reasonable accommodation theory, not his disability based discrimination theory.

Accordingly, the MSJ Order will be amended as follows:

1. Insofar as the order, MSJ Order at 24, currently reads:

> The court denied summary judgment on plaintiff's ADA claim based on the missing nexus between plaintiff's disability and the harassment he endured. The court therefore denies summary judgment on the Unruh Act claim as it requires the same nexus. *Cohen v. City of Culver City*, 754 F.3d 690, 701 (9th Cir. 2014) (explaining Unruh Act disability discrimination claims are derivative of ADA disability discrimination claims; *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661 (2009) (same); *see also* Opp'n at 24 ("The legal theories behind th[is] claim[] mirror the Federal claims discussed above").

/////

4

the order will be AMENDED to read as follows:

> Plaintiff's Unruh Act claim is derivative of his ADA disability discrimination claim. *Cohen v. City of Culver City*, 754 F.3d 690, 701 (9th Cir. 2014) (explaining Unruh Act disability discrimination claims under California Civil Code § 51(f) are derivative of ADA disability discrimination claims); *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 670 (2009) (same); *see also* Opp'n at 24 ("The legal theories behind th[is] claim[] mirror the Federal claims discussed above."). Accordingly, analysis of the Unruh Act claim mirrors that of the ADA claim: Summary judgment is GRANTED to the extent the Unruh Act claim derives from a disability based discrimination theory, but summary judgment is DENIED to the extent the Unruh Act claim derives from a reasonable accommodation theory.

2. Further, insofar as the order, MSJ Order at 31, currently reads, "Unruh Act disability discrimination claim against Principal Yeager and the District (claim five) is DENIED in full[,]" the order will be AMENDED to read as follows: "Unruh Act disability discrimination claim against Principal Yeager and the District (claim five) is DENIED as to the reasonable accommodation theory, but GRANTED as to all other theories."

IT IS SO ORDERED.

DATED: January 18, 2018.

_____
UNITED STATES DISTRICT JUDGE

5