UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNA WORMUTH, SCOTT WORMUTH and H.W., a minor, by and through his guardians ad litem ADRIANNA WORMUTH and SCOTT WORMUTH,<br><br>Plaintiffs,<br><br>v.<br><br>LAMMERSVILLE UNION SCHOOL DISTRICT, JAMES YEAGER, DAWN IBBS, TERESA HAUN, KIRK NICHOLAS, and KHUSHWINDER GILL, and DOES 1-30,<br><br>Defendants. | No. 2:15-cv-01572-KJM-EFB<br><br><u>ORDER</u> |

Plaintiff H.W., a five-year old boy with a speech impediment and special education needs, claims he was bullied and harassed at school. His parents, on his behalf, sued the school district and several individual district employees, citing their inaction as a violation of H.W.'s state and federal civil rights. First Am. Compl. ("FAC"), ECF No. 14. The parties settled, and plaintiffs now move for an order approving the proposed settlement and settlement trust. Mot., ECF No. 208. The court held a hearing on this unopposed motion on May 18, 2018. ECF No. 211. As explained below, the court GRANTS the motion.

////

1

I. BACKGROUND

H.W. and another five-year-old child, A.S., were classmates in a transitional kindergarten class at Altamont School. Ian Hansen Decl., ECF No. 208, ¶ 3. The amended complaint, filed on December 22, 2015, alleges A.S. physically, emotionally, and sexually abused H.W. throughout the first six weeks of the school year. *Id.* ¶¶ 3, 7; *see also* First Am. Compl. ("FAC"), ECF No. 14, ¶¶ 18-26. H.W.'s teacher reported the abuse to the school principal, yet A.S. was allowed to remain in the class and his behavior escalated: A.S. habitually kicked and spat on H.W.; made fun of H.W.'s teeth; pushed H.W. off a play structure; kicked H.W. in the head; threw H.W.'s lunch over a fence; and inappropriately touched H.W. in the school bathroom. *See* FAC ¶¶ 18-20.

H.W. alleges he now fears going to school and that the trauma caused post-traumatic stress disorder ("PTSD"), for which he required counseling. Hansen Decl. ¶¶ 7, 11. He also alleges this trauma will likely affect his future relationships. *Id.* Defendants dispute the nature and extent of the alleged harm. *Id.* ¶ 12.

H.W., through his parents, sued the Lammersville Union School District and several school officials for not preventing the bullying. *Id.* ¶ 4. Although the complaint never named A.S. or A.S.'s parents (collectively "Singhs") as defendants, the District named them in a third-party complaint. *See id.* ¶ 5; *see also* ECF No. 20 (third party complaint filed Jan. 26, 2016).

H.W. and the Singhs previously reached a settlement, which the court approved in October 2017. Hansen Decl. ¶¶ 13-15; Oct. 11, 2017 Order, ECF No. 150 (granting Singhs' motion for Determination of Good Faith Settlement). The Singhs agreed to pay H.W. $40,600 in exchange for a general release and mutual cost waiver. Hansen Decl. ¶ 13. In March 2018, H.W. and the District defendants engaged in private mediation, which led to a $600,000.00 settlement agreement. *Id.* ¶ 16. The parties now seek the court's approval of a proposed settlement that combines these sums and resolves all claims between H.W., the District defendants and the Singhs. *Id.* ¶ 6. If this motion is approved, and after deducting costs and fees, H.W. would receive a net recovery of $381,660.20, to be deposited into a settlement trust. *Id.* ¶ 22.

## II. LEGAL STANDARD

District courts have a duty to protect the interests of minor or incompetent litigants. *See* Fed. R. Civ. P. 17(c)(2). This special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also* E.D. Cal. L. R. 202(b) ("No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise."). Specifically, district courts must assess whether the "net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82. This fairness evaluation focuses only on what the minor plaintiff receives, without regard to what adult plaintiffs and attorneys might receive. *Id.* at 1182.

## III. DISCUSSION

### A. Fair and Reasonable

The proposed settlement sum here is fair and reasonable. Defendants together agree to pay H.W. $640,600, with the District defendants paying $600,000 and the Singhs paying $40,600. Hansen Decl. ¶¶ 15, 19. The litigation costs incurred in this case total $ 98,789.80, which the parties agree to deduct from H.W.'s gross recovery. *Id.* ¶ 20. H.W. also agrees to pay his attorneys 25 percent of his gross recovery, or $160,150.00. *Id.* ¶ 21. If approved, H.W. would receive $381,660.20. *Id.* ¶ 22. Adriana Wormuth, on H.W.'s behalf, declares this proposed settlement is reasonable and in H.W.'s best interest. Wormuth Decl., ECF No. 208 at 11.

The facts of this case confirm the proposed settlement is fair and reasonable. Throughout litigation, defendants have consistently disputed H.W.'s claimed emotional and psychological damages. Hansen Decl. ¶ 12. Defendants also contend their expert witnesses would refute the claimed damages. *Id.* ¶ 30. Because H.W.'s communication challenges preclude him from testifying on his own behalf, his case depends largely on expert testimony.

/////

This settlement would thus avoid plaintiff's potential difficulties of proof and avoid the costs inherent in expert-heavy litigation.

Recovery in similar cases confirms the sum is reasonable. *See Robidoux*, 638 F.3d at 1182. H.W.'s net settlement sum is on par with several cases in the Eastern District. For instance, in *Brooks v. Fresno Unified School District*, the court approved a minor student's $303,000 total net settlement of civil rights claims against his teacher. *See* No. CV11500673-WBS-BAM, 2015 WL 9304862, at *1 (E.D. Cal. Dec. 22, 2015). There, a teacher allegedly locked the six-year-old special needs child in a cage repeatedly without justification, and school administrators knew about it. *Id.* at *2. And in *Hugunin v. Rocklin City School District*, three minor plaintiffs alleged their teacher had abused them and the court approved net settlement sums of $202,677.95, $329,731.46 and $322,321.57. *See* Case No. 2:15-cv-MCE-DB, ECF Nos. 160-62.

H.W.'s settlement sum also is higher than several similar cases in this district. *See, e.g*, *D.C. ex rel. T.C. v. Oakdale Joint Unified Sch. Dist.*, Civ. No. 1:11-01112 SAB, 2013 WL 275271, at *1 (E.D. Cal. Jan. 23, 2013) (approving $30,000 net settlement based on allegations the school "failed to provide proper programs, services and activities" to a child with a disability and "used restraints and other punishments on" the child); *D.K. ex rel. G.M. v. Solano Cnty. Office of Educ.*, Civ. No. 2:08-00534 MCE DAD, ECF Nos. 69, 141 (E.D. Cal. Dec. 21, 2011) (approving $200,000 net settlement based on allegations of frequent physical abuse); *T.B. v. Chico Unified Sch. Dist.*, Civ. No. 2:07-00926 GEB CMK, 2010 WL 1032669, at *2 (E.D. Cal. Mar. 19, 2010) (approving $16,500 net settlement based on allegations of "unnecessary force" against minor student).

Having examined the net recoveries in the cases listed above, the court finds H.W.'s net settlement of $381,660.20 is fair and reasonable. The motion for approval of the settlement agreement is GRANTED.

////

////

////

4

B. <u>Settlement Trust</u>

Plaintiffs request that these settlement proceeds be placed into a court-established trust[1] in H.W.'s name. Plaintiffs have filed a proposed trust drafted by the Dale Law Firm, an estate planning firm with expertise in managing and administering court-ordered settlement trusts. Proposed Trust, Ex. A, ECF No. 208-1. The firm charges $3,000 for this work, which the parties agree to deduct from H.W's net proceeds. Hansen Decl. ¶ 26. Under the draft trust, H.W.'s parents will serve as initial trustees. *Id.* ¶ 23. After paying the Dale Law Firm's fee, all trust funds will go towards purchasing a home in which H.W. will live. *Id*. ¶ 25. The parties therefore request that the court waive two trustee requirements. First, the parties ask the court to waive the requirement that the Trustees secure and post a bond, reasoning that because real estate cannot be readily misappropriated, the bonds are unnecessary, and because there will be no liquid assets in the Trust, the bond premiums would be difficult to pay. *Id.* Second, the parties ask that the court waive the requirement for the Trustees to file periodic accounts with the supervising court, unless the Trust's real property is sold and converted to cash or other financial investments. *Id*.

Having discussed the trust with counsel at hearing, including its terms, the plans for purchase of real estate, and the parties' requested waivers, the court finds the proposed settlement trust serves H.W.'s best interests. Accordingly, the motion to establish the proposed trust is GRANTED.

IV. <u>CONCLUSION</u>

The court GRANTS the motion; APPROVES the proposed settlement; ESTABLISHES the proposed settlement trust; and ORDERS as follows:

1. H.W.'s guardians ad litem, Adrianna and Scott Wormuth, shall serve as the initial Trustees of the H.W. Settlement Trust;
2. The requirements typically imposed on Trustees of posting a bond and providing periodic accounts to the court are waived so long as the only asset of the Trust is real property;

---

[1] Plaintiff's counsel clarified at hearing that the request is for a "settlement trust" not a "special needs trust," and noted that the filing's reference to the latter was in error.

3. Venue for ongoing oversight of the special needs trust shall lie with the Superior Court of the State of California, San Joaquin County;

4. $98,789.80 of the settlement proceeds shall be deducted for litigation costs, as agreed by the parties;

5. $160,150.00 of the settlement proceeds shall be distributed as agreed by the parties to the Kraeber Law Office, the Law Offices of Peter Alfert, PC, and the Law Offices of Todd Boley for their representation of H.W. in this action;

6. Adrianna and Scott Wormuth shall deposit the remaining $381,660.20 into the H.W. Settlement Trust
    a. $3,000 of this sum shall be paid to the Dale Law Firm for preparing the trust;
    b. The remaining $ 378,660.20 is to be used to purchase residential real estate for H.W.'s benefit, and an ownership interest proportional to the contribution of the Trust shall be held in the name of the H.W. Settlement Trust;

7. The payments specified in 4, 5 and 6(a) above must be made within 30 days;

8. The parties shall file a stipulated dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) within 30 days.

IT IS SO ORDERED

This resolves ECF No. 208.

DATED: May 24, 2018.

UNITED STATES DISTRICT JUDGE